

D. Gibson Walton  gwalton@velaw.com
Tel 713.758.2026  Fax 713.615.5400

November 23, 2005

<u>**Via Fax to (713) 427-5099**</u>

Mr. Brendan Cook
Baker & McKenzie
711 Louisiana, Suite 3400
Houston, Texas 77002

Re: *International Building Systems, Inc. v. Fluor Intercontinental, Inc. and Fluor Federal Services, Inc. v. Morgan Portable Building Contractors, Inc. and Morgan Building & Spa Manufacturing Corp.*; Cause No. 2003-32566; In the 333rd Judicial District Court of Harris County, Texas.

**Rule 11 Agreement on Cross-Motions for Summary Judgment**

Dear Mr. Cook:

This Rule 11 Agreement memorializes our discussion of the following process to expedite the resolution of the claims in the above-referenced lawsuit (the "Lawsuit") between IBS and Fluor (collectively, the "Parties" to this Rule 11 Agreement):

1. *Cross-Motions for Summary Judgment.* Fluor and IBS each will file cross-motions for summary judgment on the following issue:

   Were Clarifications 1 and 2 in IBS's Proposals for the three Mancamps [*see, e.g.,* Bates No. P000037-38 in IBS's Proposal for the Qatar Mancamp, attached as Exhibit A] accepted by Fluor as part of the three agreements entered into between Fluor and IBS?

   The Parties reserve the right to modify the statement of this issue as long as both Parties agree to the amended language.

2. *Submission Date.* Each Party will submit its motion for summary judgment to the court on or before January 17, 2006 and hand deliver a copy to other Party on the same day that the motion is filed with the court. Each Party will submit its response to the other Party's motion for summary judgment on or before January 27, 2006 and



Vinson & Elkins LLP Attorneys at Law  Austin Beijing Dallas Dubai        First City Tower, 1001 Fannin Street, Suite 2300, Houston, TX 77002-6760
Houston London Moscow New York Shanghai Tokyo Washington        Tel 713.758.2222  Fax 713.758.2346  www.velaw.com

V&E

November 23, 2005  Page 2

hand deliver a copy to the other Party on the same day that the response is filed with the court. The Parties agree to waive submission of replies to the responses.

3. *Stipulation.* Fluor and IBS jointly will stipulate to the court that the Parties have agreed that the issue to be submitted by cross-motions for summary judgment is a matter of law for the court to decide.

4. *Effect of Court's Ruling on Summary Judgment Motions.*
   (a)   If the court finds as a matter of law that Clarifications 1 and 2 were accepted by Fluor and were part of the Parties' three agreements, then judgment would be entered against Fluor for the sum of $2,750,000 on all claims brought by IBS against Fluor in the Lawsuit.
   (b)   If the court finds as a matter of law that Clarifications 1 and 2 were not accepted by Fluor and were not part of the Parties' three agreements, then judgment would be entered against IBS for the sum of $8,000,000 on all claims brought by Fluor against IBS in the Lawsuit.
   (c)   When either (a) or (b) occurs, Fluor and IBS stipulate that the trial court can enter a judgment that will conclude and resolve all claims in the Lawsuit as between Fluor and IBS.
   (d)   When either (a) or (b) occurs, and one or both of Fluor and IBS do not agree to the judgment entered by the trial court, then the Parties preserve whatever appellate recourse may be available under the civil or appellate rules of procedure or the applicable common law.

5. *Effect of Court's Denial of or Refusal to Rule on Summary Judgment Motions.*
   If the judge denies both motions for summary judgment (*i.e.*, the judge finds that there is a fact question for the factfinder at trial despite the Parties' stipulation that this is an issue that can be decided as a question of law), then Fluor and IBS will attempt in good faith to reach some alternative resolution of the Lawsuit (*e.g.*, a one-day summary trial to the court on this one issue).

6. *Effect on Fluor's Claims Against Morgan Entities.*
   This Rule 11 Agreement between Fluor and IBS does not have any impact on Fluor's claims against the Morgan entities in the Lawsuit. Fluor will not seek to recover any additional amounts from IBS should Fluor obtain a judgment from or settle with the Morgan entities.

7. *Need for Continuance.* Fluor and IBS will develop a joint agreed motion to continue the trial setting, stay discovery, and to extend all docket control/discovery cut-off dates to allow time for the cross-motions for summary judgment to be prepared, filed, argued, and decided.

Please sign below indicating your agreement to follow this procedure. My signature below indicates that Fluor Intercontinental, Inc. and Fluor Federal Services, Inc. accept this Rule 11 Agreement contingent upon your endorsement on behalf of IBS.

Very truly yours,

*[signature]*

D. Gibson Walton

Agreed on behalf of:

International Building Systems, Inc.          Date Signed

*[signature]*                                  11/23/05

Attachment:   Exhibit A – Exceptions and Clarifications from IBS's Proposal

2545422_7.DOC